IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD EARL BULLOCK,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )      1:15cv183
                                  )
UNITED STATES OF AMERICA and      )
DRUG ENFORCEMENT ADMINISTRATION,  )
                                  )
            Defendants.           )

**MEMORANDUM OPINION AND ORDER REGARDING POTENTIAL CONVERSION**

This case comes before the Court on the "Government's Motion to Dismiss" (Docket Entry 7) (the "Motion to Dismiss"). The Motion to Dismiss takes aim at the Motion for Return of Property (Docket Entry 2) (the "Complaint") filed by Reginald Earl Bullock ("Bullock"). Through the Complaint, Bullock seeks the return of certain property: (i) three uncashed payroll checks; (ii) nine check stubs from cashed paychecks; (iii) one gold and diamond (a) watch, (b) ring, (c) bracelet, and (d) chain; (iv) two credit cards; (v) a state-issued identification card; (vi) a Social Security card; (vii) $196 in loose cash; (viii) three men's suits; (ix) a cellphone (collectively, the "Other Property"); and (x) $6,470 in United States currency (the "$6,470"). (Id. at 2-3; see Docket Entry 8-1 at 16.)[1] Bullock maintains that officers with

---

[1] Citations herein to Docket Entry pages utilize the document's internal pagination if unified internal pagination exists. In the absence of such pagination, the Docket Entry page citations utilize the CM/ECF footer's pagination.

the High Point Police Department seized this property and subsequently transferred it to "an officer from the A.T.F." (Docket Entry 2 at 3.) Bullock indicates that, at some unknown time following the seizure, the $6,470 was administratively forfeited. (See id. at 2.)

In the Motion to Dismiss, the Drug Enforcement Administration and the United States of America (collectively, the "Government") request dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules") or, alternatively, the grant of summary judgment in their favor under Rule 56. (Docket Entry 7 at 1.) The Government's "Memorandum in Support of Motion to Dismiss," however, describes the Motion to Dismiss as seeking dismissal of this action pursuant to Rules 12(b)(1) and 12(b)(6) (Docket Entry 8 at 1) and requests relief only under Rule 12(b) (id. at 10 ("Based on the foregoing, it is respectfully requested that this action be dismissed pursuant to Fed. R. Civ. P. 12(b).")). The Government's reply in support of its Motion to Dismiss likewise advocates for dismissal rather than the grant of summary judgment. (See Docket Entry 13 at 8 ("For the reasons set forth above and in the Memorandum in Support of Motion to Dismiss (Dkt. 8), Defendants respectfully request that Plaintiff's claims be dismissed.").) The Government offers various exhibits in support of its Motion to Dismiss. (See Docket Entries 8-1, 13-1.)

2

**RULE 12(d) CONVERSION NOTICE**

If on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Pursuant to Rule 12(d), courts have discretion to convert a Rule 12(b)(6) motion into one for summary judgment. See Logar v. West Va. Univ. Bd. of Governors, 493 F. App'x 460, 461-62 (4th Cir. 2012); Laughlin v. Metropolitan Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998). If a court opts to convert the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "[T]he term 'reasonable opportunity' requires that all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985) (alteration and internal quotation marks omitted).

Typically, parties are on notice of a potential Rule 12(d) conversion if they know that materials outside the pleadings are before a court. Id. Both Bullock and the Government have submitted materials outside the pleadings to the Court (see Docket Entries 8-1, 11-1, 11-2, 11-3, 13-1, 14-1, 14-2, 14-3, 14-4), and thus should know that the Court may treat the Motion to Dismiss as

3

one for summary judgment.² Nevertheless, in light of the ambiguity regarding whether the Motion to Dismiss seeks dismissal or summary judgment; the Government's Rule 12(b)(1) jurisdictional challenge to Bullock's request for return of the Other Property (see, e.g., Docket Entry 8 at 9-10; Docket Entry 13 at 4-6);³ and Bullock's pro se status, the Court deems it prudent to notify Bullock⁴ that the Court may convert the Motion to Dismiss to a motion for summary judgment.⁵

---

2 The Government submitted three affidavits in support of its factual assertions, but Bullock has not submitted any affidavits to counter the factual statements in the Government's affidavits. (Compare Docket Entries 8-1, 13-1, with Docket Entries 11-1, 11-2, 11-3, 14-1, 14-2, 14-3, 14-4.)

3 If a party challenges the truthfulness of the facts supporting subject matter jurisdiction under Rule 12(b)(1), a court can consider materials outside the pleadings without triggering a conversion under Rule 12(d). See Kerns v. United States, 585 F.3d 187, 192-93 (4th Cir. 2009).

4 The Government (through counsel) filed multiple affidavits (Docket Entries 8-1, 13-1) and explicitly acknowledged the possibility of summary judgment (Docket Entry 7 at 1). Conversely, Bullock has filed no affidavits, has not acknowledged the possibility of summary judgment, and proceeds pro se. (See Docket Entry 11 at 1 ("**COMES NOW,** the Petitioner, Reginald Earl Bullock, Pro Se, and hereby respectfully submits this traverse briefly strenuously contesting, challenging and objecting to the United States' Memorandum in Support of their Motion to Dismiss pursuant to Fed.R.Civ.P.12 (b)(1) and (6).").) In these circumstances, the Court concludes that only Bullock needs notification of the potential conversion and the resulting "reasonable opportunity to present all the material" pertinent to the motion for summary judgment, Fed. R. Civ. P. 12(d). See Laughlin, 149 F.3d at 261.

5 In crafting this notice, the Court follows the guidelines enunciated in Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), Renchenski v. Williams, 622 F.3d 315, 339-41 (3d Cir. 2010), and Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992).

**RULE 56 REQUIREMENTS**

Important differences exist between Rule 12(b)(6) and Rule 56 motions. In essence, Rule 12(b)(6) asks whether a party has <u>made sufficient allegations</u> for a valid claim while Rule 56 asks whether each party has <u>submitted sufficient evidence to prove</u> its claim or defense. Thus, in analyzing a motion under Rule 12(b)(6), a court must "accept the facts alleged in the complaint as true." <u>Coleman v. Maryland Court of Appeals</u>, 626 F.3d 187, 189 (4th Cir. 2010), <u>aff'd sub nom.</u>, <u>Coleman v. Court of Appeals of Md.</u>, ___ U.S. ___, 132 S. Ct. 1327 (2012). By contrast, unsworn facts in a complaint or brief are not presumed true on a Rule 56 motion. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Instead, in analyzing a Rule 56 motion, the Court must determine "whether the <u>evidence</u> presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id.</u> at 251-52 (emphasis added).

Under Rule 56, a party may move for summary judgment on any claim or defense, and the court will grant summary judgment if the party "shows that there is no genuine dispute as to any material fact and the [party] is entitled to judgment as a matter of law" on that claim or defense. Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248. To show the existence (or absence) of a genuine dispute of material

fact, a party must "cit[e] to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, . . . or other materials." Fed. R. Civ. P. 56(c)(1)(A). In response, the other party generally "must, by factual affidavit or the like," counter that showing. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). If a party fails to introduce evidence contradicting a fact supported by the other party's evidence, the Court will treat that fact as undisputed for summary judgment purposes. See Fed. R. Civ. P. 56(e)(2). In other words, "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion." Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (internal quotation marks omitted). In addition, if a party opposing summary judgment fails to introduce evidence supporting its factual allegations, the Court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the [person making the affidavit or declaration] is competent to testify on the matters

stated." Fed. R. Civ. P. 56(c)(4).[6] If a party needs time to conduct discovery or obtain affidavits or declarations from others to properly oppose summary judgment, that party must file an affidavit alerting the Court to its need. See Fed. R. Civ. P. 56(d). The affidavit should explain why, "for specified reasons, [the party] cannot present facts essential to justify its opposition." Id.; see also Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) ("If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56[d] affidavit stating that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." (internal quotation marks omitted)).

For Bullock's reference, the Court includes a copy of Rule 56 as an appendix hereto. See Neal, 963 F.2d at 456-57.

## **CONCLUSION**

Pursuant to Rule 12(d), the Court may convert the Motion to Dismiss to one for summary judgment. Accordingly, the Court

---

[6] To qualify as an affidavit or declaration for Rule 56 purposes, the statements need only be signed, dated, and made under penalty of perjury. Neal, 963 F.2d at 457 (explaining that the plaintiff sufficiently verified his statements by "declaring 'under penalty of perjury that the foregoing is true and correct,' and dating his signature" (alteration omitted)); see also 28 U.S.C. § 1746 (providing that signed, dated statements made under penalty of perjury function as affidavits and declarations, and providing the following example of qualifying verification language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).").

7

notifies Bullock of this potential conversion and provides him a reasonable opportunity to present all responsive material.

**IT IS THEREFORE ORDERED** that, by March 18, 2016, Bullock submit all evidence supporting his argument that the Government misled or otherwise confused him about the need to file a claim, including any evidence he wishes to submit regarding the contents of the mailing received by his uncle on September 27, 2013.

**IT IS FURTHER ORDERED** that, by March 18, 2016, Bullock submit all evidence supporting any other deficiencies that he alleges regarding the administrative forfeiture notices and/or administrative forfeiture proceedings.

**IT IS FURTHER ORDERED** that, by March 18, 2016, Bullock submit any evidence he wishes to submit supporting his assertion that the Government and/or A.T.F. took possession of the Other Property.

**IT IS FURTHER ORDERED** that, if Bullock believes he requires discovery to properly oppose summary judgment, he submit a Rule 56(d) affidavit by March 18, 2016.

This 11th day of January, 2016.

                                       /s/ L. Patrick Auld
                                           L. Patrick Auld
                                  United States Magistrate Judge

## Appendix

## Federal Rule of Civil Procedure 56: Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

    **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

    **(4)** *Affidavits or Declarations.* An affidavit or

declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.